# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| ABDUL AL-HAKEEM AFIZ, ) <br> a/k/a Miron Taylor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MISSOURI DEPARTMENT OF ) <br> CORRECTIONS, ) <br> ) <br> Defendant. ) | No. 4:17CV1920 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the submission of an unsigned complaint by plaintiff Abdul Al-Hakeem Afiz, also known as Miron Taylor. This action will be dismissed without prejudice to plaintiff re-filing the complaint upon payment of the $400 filing fee.

Plaintiff, a prisoner and frequent filer of frivolous lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *See Taylor v. Toelke*, No. 4:97-cv-53-FRB (E.D. Mo. Feb. 24, 1997); *Afiz v. Federal Bureau of Prisons*, No. 4:97-cv-1661-DDN (Oct. 15, 1997); *Afiz v. Federal Bureau of Prisons*, No. 4:97-cv-1681-CEJ (Oct. 15, 1997); *see also Afiz v. Petri*, 2:09-cv-4005-NKL (W.D. Mo. Jul. 31, 2009) (listing cases dismissed under 28 U.S.C. § 1915(e)). Therefore, this Court would be unable to permit him to proceed *in forma pauperis* unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

There are no allegations in the complaint that would support the finding that plaintiff is under imminent danger of serious physical injury. Therefore, it would be futile to allow plaintiff the opportunity to file a motion for leave to proceed *in forma pauperis* because the Court would be unable to grant it. In addition, the complaint is unsigned. The Court will therefore dismiss this action, without prejudice to plaintiff re-filing the complaint upon payment of the $400 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice to plaintiff re-filing the complaint upon payment of the $400 filing fee.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will be filed separately.

Dated this 4th day of August, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE